**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| VALERIE ARROYO, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Case No. 3:25-cv-71-CDL-AGH |
| | : | |
| FRANKLIN COUNTY, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER & RECOMMENDATION

Pending before the Court are Plaintiff's motions to stay all proceedings (ECF No. 22) and to vacate judgment (ECF No. 23). Plaintiff argues that the proceedings should be stayed while the motion to vacate judgment is pending, among other reasons. Mot. Stay 1-4, ECF No. 22. However, given that judgment has been entered in this case (ECF Nos. 20, 21), and in light of this recommendation that the motion to vacate be denied, there are no proceedings to stay. Thus, Plaintiff's motion to stay (ECF No. 22) is **DENIED**.

Plaintiff moves the Court to vacate its judgment pursuant to Federal Rule of Civil Procedure 60(b)(4), which allows the Court to "relieve a party . . . from a final judgment [or] order" if "the judgment is void." Mot. Vacate 1, ECF No. 23. Plaintiff argues that the judgment is void for the following reasons: (1) Defendants were not served; (2) because defendants were not served, the Court lacked personal jurisdiction; (3) Plaintiff was not provided with notice and an opportunity to be heard; (4) the Court relied upon false criminal history data and "unlawful civil flags"; and

(5) Plaintiff's alleged pending North Caroline Supreme Court case "divests state actors of jurisdiction." *Id.* at 1-4.

The Court's judgment is not void; thus, Plaintiff's motion should be denied. Because the Court granted *pro se* Plaintiff leave to proceed *in forma pauperis*, it was required to conduct a preliminary screening of the complaint under 28 U.S.C. § 1915(e)(2). Order & R. 2, Jan. 21, 2026, ECF No. 15. During its preliminary screening, the Court concluded that Plaintiff's complaint was "a quintessential shotgun pleading" that "concern[ed] an amalgamation of Plaintiff's interactions with approximately forty public officials, employees, and agencies during a fifteen-year timespan and across three states." *Id.* at 4 (footnote omitted). Thus, because Plaintiff's complaint was "not a concise set of allegations[,]" it ran afoul of the pleading standard. *See* Fed. R. Civ. P. 8 (requiring a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief").

The Court provided Plaintiff an opportunity to recast the complaint and supplied specific instructions on how comply with the pleading standard. Order & R. 5-6, Jan. 21, 2026. Even so, Plaintiff failed to recast her complaint. On March 16, 2026, the Court ordered Plaintiff to respond and show cause why her case should not be dismissed for failure to comply. O.S.C., ECF No. 18. Once again, Plaintiff failed to respond. Thus, Plaintiff's complaint was dismissed for failure to comply and failure to prosecute. R. & R. 1-2, Apr. 23, 2026, ECF No. 19; Order, May 21, 2026, ECF 20.

A plaintiff's claim may be dismissed for "plaintiff['s] fail[ure] to prosecute or to comply with the[] rules or a court order[.]" Fed. R. Civ. P. 41(b). That is exactly why

Plaintiff's claim was dismissed here: she was provided multiple opportunities to comply with the Court's orders, and she failed to do so. Moreover, Plaintiff provided no explanation for her failure to prosecute. Therefore, it is recommended that her motion to vacate (ECF No. 23) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. Any objection should be no longer than TWENTY (20) PAGES in length. See M.D. Ga. L.R. 7.4. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

Plaintiff is hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO ORDERED and RECOMMENDED**, this 15th day of September, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE